Filed 7/30/24  P. v. Collier CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TORIANO COLLIER,<br><br>    Defendant and Appellant. | A167654<br><br>(Solano County Super. Ct. Nos. VCR224814, VCR223244, VCR230488, VCR233426, VCR231944, VCR230676, FCR341905, FCR341903) |

Toriano Collier appeals from the trial court's sentence following Collier's pleas of no contest to various felonies in eight separate cases in Solano County.  Collier contends the trial court erred by failing to rule on his *Romero*[1] request to strike his prior strike convictions and by resentencing him on four cases from Napa County.  Collier fails to demonstrate that the trial court erred in its treatment of his *Romero* request.  However, the trial court failed to sentence Collier on one count in one of the Solano County cases and improperly modified the sentence on the Napa

_____

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497 (*Romero*).

1

County cases when it pronounced a single aggregate term for all of Collier's offenses. We must therefore vacate the sentence and remand for the trial court to impose a proper sentence.

**BACKGROUND**

Between May 2016 and January 2019, Collier was charged in eight cases in Solano County with committing various felonies. The prosecution alleged Collier had one or more prior strike convictions under Penal Code sections 667, subdivision (d) and 1170.12, subdivision (b).[2]

In March 2019, Collier filed a *Romero* request in all eight cases, asking the court to dismiss the prior strike convictions under Penal Code section 1385. A few days later, Collier pleaded no contest to the charges in all eight cases. The trial court suspended imposition of sentence and placed Collier on formal probation for five years.

In February 2021, Collier was sentenced in federal court following a guilty plea to possession of stolen mail. In May 2022, Napa County Superior Court sentenced Collier in five cases involving conduct between February and July 2020. (*People v. Collier* (Jan. 3, 2024, A165532) [nonpub. opn.].) The Napa County sentence consisted of the upper term of three years in prison on one case, doubled to six years because of a prior strike conviction, and concurrent sentences of the low term of 16 months, doubled to 32 months because of the prior strike, in the

---

[2] All statutory citations are to the Penal Code. All citations to rules are to the California Rules of Court.

2

other four cases.  (*Ibid.*)  Collier appealed and another division of this court affirmed.  (*Ibid.*)

In December 2022, during proceedings to determine whether his new federal and Napa County offenses violated the terms of his probation in the Solano County matters, Collier renewed his *Romero* request.  The trial court found Collier's new offenses violated the probation condition that he obey all laws. The trial court proceeded to sentence Collier in all eight Solano County cases.  In each case, the trial court imposed the middle terms or one-third of the middle terms, doubled pursuant to sections 667.5, subdivision (b) and 1170.12, with some terms stayed pursuant to section 654, some running concurrently, and misdemeanor charges dismissed pursuant to section 1385.  The total aggregate term was 12 years, 8 months, with 1137 days of sentence credits, for an effective sentence of about 9 years, 8 months.  The trial court neglected to orally pronounce sentence on one attempted second degree burglary count (§ 459) charged as a felony in case No. FCR341905, apparently because of a belief that it was a misdemeanor and covered by the court's decision to dismiss all misdemeanors.  The trial court's minute order nonetheless shows the trial court imposed a sentence of one year on that count as a felony, stayed under section 654.

The trial court then announced a sentence on four of Collier's Napa County cases.  The trial court said it would not impose a consecutive sentence.  Instead, the trial court imposed the middle term of two years for the felony offenses in four Napa County cases, doubled because of Collier's prior strike conviction,

3

but running concurrently with the rest of Collier's sentence.  The trial court did not address the fifth Napa County case.  (See *People v. Collier, supra,* A165532.)

## DISCUSSION

### I. *Romero* request

Section 1385, subdivision (a) allows a judge, "either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, [to] order an action to be dismissed."  " 'In *Romero*, [the California Supreme Court] held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance of justice" pursuant to . . . section 1385(a).' " (*People v. Carmony* (2004) 33 Cal.4th 367, 373.)  "A defendant has no right to make a motion, and the trial court has no obligation to make a ruling, under section 1385.  But he or she does have the right to 'invite the court to exercise its power by an application to strike a count or allegation of an accusatory pleading, and the court must consider evidence offered by the defendant in support of his assertion that the dismissal would be in furtherance of justice.' " (*Carmony*, at p. 375.)  "[A] trial court's refusal or failure to dismiss or strike a prior conviction allegation under section 1385 is subject to review for abuse of discretion." (*Carmony*, at p. 375.)

Section 1385 requires a judge to orally state the reasons for a dismissal and also to set them forth in an order entered upon the minutes if requested by a party.  (§ 1385, subd. (a).)  "While a

4

court must explain its reasons for striking a prior [citations], no similar requirement applies when a court declines to strike a prior [citation]. 'The absence of such a requirement merely reflects the legislative presumption that a court acts properly whenever it sentences a defendant in accordance with the three strikes law.' [Citation.] 'Thus, the three strikes law not only establishes a sentencing norm, it carefully circumscribes the trial court's power to depart from this norm and requires the court to explicitly justify its decision to do so. In doing so, the law creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper.' " (*In re Large* (2007) 41 Cal.4th 538, 550.)

Collier notes correctly that the trial court never formally ruled on his *Romero* request at his sentencing. He argues that the failure to rule on a motion is a failure to exercise discretion, which is itself an abuse of discretion, so that his sentence must be vacated. However, Collier could not make a motion under section 1385, so the trial court was not obligated to make a ruling on his *Romero* request. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 375.) Given the presumption that the trial court followed the law and that a sentence in conformity with sections 667, subdivision (b) and 1170.12, subdivision (b) is rational and proper, the trial court's imposition of doubled sentences based on his prior strike convictions demonstrates that the trial court implicitly rejected Collier's *Romero* request. (*In re Large*, *supra*, 41 Cal.4th at p. 550.) Collier points to nothing in the record that would suggest that the trial court was unaware of its *Romero*

discretion, so Collier fails to demonstrate any error regarding his *Romero* request.[3]

## II.    Resentencing in Napa County cases

Collier also contends his sentence must be vacated and the case remanded because the trial court sentenced him on four of his Napa County cases, even though Napa County Superior Court had already imposed sentence in those cases. Collier does not fully develop his argument and simply points out the trial court did not explain why it sentenced him again for the Napa County cases.[4] The trial court's reasoning is readily apparent, however, because the statutes governing sentencing of defendants convicted of multiple crimes required it to address the Napa County cases.

Section 669, subdivision (a) establishes that "[w]hen a person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he or she is sentenced

---

[3] Because we conclude Collier did not forfeit his *Romero* argument and we have addressed it on the merits, we need not address Collier's alternative argument that his counsel was ineffective for failing to insist on a *Romero* ruling at the final sentencing hearing.

[4] Collier recognized in the trial court that it was appropriate to resentence him on his Napa County cases. In fact, he asked the court to do so, partly so that he could obtain sentence credits for his time served on the Napa County offenses.

6

shall run concurrently or consecutively." Section 1170.1, subdivision (a) states, "Except as otherwise provided by law, and subject to Section 654, when any person is convicted of two or more felonies, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same or by a different court, and a consecutive term of imprisonment is imposed under Sections 669 and 1170, the aggregate term of imprisonment for all these convictions shall be the sum of the principal term, the subordinate term, and any additional term imposed for applicable enhancements for prior convictions, prior prison terms, and Section 12022.1."

Rule 4.452 elaborates on how a court should comply with section 1170.1, subdivision (a) when a court is imposing a sentence consecutive to another sentence imposed by a different court in a previous proceeding. In such circumstances, rule 4.452(a) states that "the court in the current case must pronounce a single aggregate term, as defined in section 1170.1(a), stating the result of combining the previous and current sentences." "The sentences on all determinately sentenced counts in all the cases on which a sentence was or is being imposed must be combined as though they were all counts in the current case," including by selecting which of the counts will represent the principal term. (Rule 4.452(a)(1)–(2).)

"Crucially, the court announcing the aggregate term of imprisonment does not resentence the defendant in the generally understood manner, with authority to modify every aspect of the sentence. [Citation.] The court must instead preserve the

7

sentencing choices reflected in the prior judgment." (*In re Rodriguez* (2021) 66 Cal.App.5th 952, 960.) "Discretionary decisions of courts in previous cases may not be changed by the court in the current case. Such decisions include the decision to impose one of the three authorized terms of imprisonment referred to in section 1170(b), making counts in prior cases concurrent with or consecutive to each other, or the decision that circumstances in mitigation or in the furtherance of justice justified striking the punishment for an enhancement. However, if a previously designated principal term becomes a subordinate term after the resentencing, the subordinate term will be limited to one-third the middle base term as provided in section 1170.1(a)." (Rule 4.452(a)(3).)

These provisions explain why the trial court pronounced sentence on the Napa County cases. The trial court first needed to clarify under section 669, subdivision (a) whether the sentences in the eight Solano County cases would be concurrent with or consecutive to the Napa County cases. Next, although the trial court did not intend to impose the Solano County sentence consecutive to the Napa County sentence, it did impose consecutive sentences for some of the offenses in the eight Solano County cases. This triggered the trial court's obligation to pronounce a single aggregate sentence under section 1170.1, subdivision (a) containing all of the consecutive offenses.

However, because the trial court did not run the Solano County sentence consecutive to the Napa County sentence, the court had no authority under section 1170.1, subdivision (a) to

8

change the Napa County sentence in any respect.  Besides, even if it were making the Solano County terms consecutive to the Napa County offenses, rule 4.452 would only have authorized the trial court to change a principal term in the Napa County cases into a subordinate term, not to choose different terms from the triad for any of the Napa County offenses.  (See *People v. Allison* (2019) 39 Cal.App.5th 688, 703–704 [later court could not change sentence from earlier case to make terms consecutive rather than concurrent].)  The trial court therefore erred in two ways:  first, by changing the Napa County Superior Court's imposition of one upper term of six years and three concurrent low terms of 32 months into four middle terms of four years; and second, in failing to address the fifth Napa County case.  (*In re Rodriguez*, *supra*, 66 Cal.App.5th at p. 960 [rule 4.452(a)'s limitation preventing a second court from modifying earlier court's discretionary sentencing choices "reflects, in part, the common law rule that a court loses jurisdiction to resentence a defendant once execution of the sentence has begun"]; see *People v. Collier*, *supra*, A165532 [addressing Napa County case Nos. 21CR000304, 21CR000340, 21CR000382, 21CR000832, and 21CR000871].)  The trial court's pronouncement of a different and incomplete sentence in the Napa County cases creates confusion, since earlier this year a different division of this court affirmed the longer sentence that the Napa County Superior Court imposed on all five cases.  (*People v. Collier, supra,* A165532.)

The trial court made another error that also requires remand.  In one of the Solano County cases, case No. FCR341905,

9

counts 1 and 2 were felonies and count 3 was a misdemeanor. The trial court imposed a four-year concurrent term on count 1 and stated its intent to dismiss all misdemeanors, thereby disposing of count 3.  But the court failed to address count 2, an attempted second degree burglary conviction, apparently because of a belief that count 2 was a misdemeanor and therefore dismissed.  The trial court's minute order nonetheless shows that it imposed a middle term sentence of one year in prison on count 2 as a felony, stayed under section 654.

Both parties here properly acknowledge that the trial court failed to pronounce a complete sentence in this case.  " 'Rendition of judgment is an oral pronouncement.' " (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)  The court must orally announce a sentence on every count of a conviction.  (*People v. Codinha* (2023) 92 Cal.App.5th 976, 994.)  A court cannot remedy the failure to orally pronounce sentence by recording a sentence in the minutes or in the abstract of judgment.  (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387–388.)  " 'When the mistake [in failing to pronounce sentence on a count] is discovered while the defendant's appeal is pending, the appellate court should remand the case for a proper sentence.' " (*Codinha*, at p. 994.)

On remand, the trial court may reconsider all aspects of Collier's sentence, including both the omitted count and the relationship between the sentences for the Solano County and Napa County offenses.  "The general rule is that on remand for resentencing the trial court is '[n]ot limited to merely [correcting] illegal portions' and 'may reconsider all sentencing choices.

10

[Citations.]  This rule is justified because an aggregate prison term is not a series of separate independent terms, but one term made up of interdependent components.  The invalidity of one component infects the entire scheme.' " (*People v. Codinha, supra*, 92 Cal.App.5th at p. 994.)  "In other words, '[b]ecause there are multiple counts and discretionary decisions at play, the trial court may consider the entire sentencing scheme and reconsider all sentencing choices.' " (*Id.* at p. 995.)  We recognize that the trial court here indicated it was trying to craft a sentence that gave Collier close to 10 years of actual prison time, after sentence credits.  But the trial court is in the best position to determine in the first instance exactly how it intends to arrive at its desired figure between all of Collier's offenses and all of his cases.

## DISPOSITION

Collier's conviction is affirmed.  His sentence is vacated, and this matter is remanded for further proceedings consistent with this opinion.

BROWN, P. J.


WE CONCUR:

STREETER, J.
GOLDMAN, J.

*People v. Collier* (A167654)

11